1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

13  ERIC DARNELL COOK,                ) Case No. CV 16-03340-R (AS)
                                      )
14              Petitioner,           ) **ORDER OF DISMISSAL**
                                      )
15                                    )
        v.                            )
16                                    )
    WILLIAM MUNIZ, Warden,            )
17                                    )
                Respondent.           )
18  _____  )

19

20                          **BACKGROUND**

21

22      On May 16, 2016, Petitioner, a California state prisoner
23  proceeding pro se, filed a Petition for Writ of Habeas Corpus by
24  a Person in State Custody pursuant to 28 U.S.C. § 2254
25  ("Petition").  (Docket Entry No. 1).  Petitioner challenges his
26  2007 convictions for assault with a firearm, possession for sale
27  of phencyclidine, making criminal threats, possession of a
28  controlled substance while armed with a firearm, and possession

of a firearm by a felon and his sentence of 35 years to life, in Los Angeles County Superior Court[1] (Case No. BA311877).   The Petition alleges the following grounds for habeas relief: (1) the trial court in 1996 "erred by accepting a guilty plea from an incompetent defendant," in violation of Petitioner's rights to due process and equal protection;[2] and (2) the trial court in 2007 "erred by failing to conduct a psy-evaluation (sic) after learning that [Petitioner] was a mental health patient," in violation of Petitioner's rights to due process and equal protection.

---

[1]     On June 20, 2007, a Los Angeles County Superior Court jury convicted Petitioner of one count of one count of assault with a firearm, one count of possession for sale of phencyclidine, one count of making criminal threats, one count of possession of a controlled substance while armed with a firearm, and one count of possession of a firearm by a felon.   On September 19, 2007, Petitioner was sentenced to prison to a total of 35 years to life.   (See Eric Darnell Cook v. James Walker, Case No. CV 11-01018-R (CW); Docket No. 19 at 1-2)).

[2]     On October 15, 2015, Petitioner field a Petition for Writ of Habeas Corpus challenging his 1996 conviction and the sentence imposed for that conviction by the Santa Clara County Superior Court.   The Petition was transferred to the United States District Court for the Northern District of California on November 19, 2015.   (See Eric Darnell Cook v. William Muniz, case No. CV 15-08515-R (AS); Docket Entry No. 6).

        On December 8, 2015, the United States District Court for the Northern District of California dismissed that habeas petition as an unauthorized, successive petition.   The Court's ruling included the following statement in a footnote: "Now that it is clear that the only way Mr. Cook can possibly have the 1996 conviction considered in federal habeas is through a challenge to the 2007 conviction (as enhanced by the 1996 conviction), venue for that challenge would be proper in the Central District because the 2007 conviction occurred in  Los Angeles County." (See Eric Darnell Cook v. William Muniz, Case No. CV 15-5453 LB; Docket Nos. 9-10; see also Petition, Attachments ["Order of Dismissal", 4 pages; Judgment, 1 page]).   In light of this statement, it appears that Petitioner is not directly challenging his 1996 conviction, but is challenging the use of his 1996 conviction to enhance the sentence imposed following his 2007 conviction.

(Petition at 2, 5-6, Attachment at 1-17 ["Motion for Leave to File a Second or Successive Under 28 U.S.C. § 2254-225"]).

**A.    Prior Habeas Petitions Challenging 2007 Convictions**

Petitioner has filed several habeas actions challenging the same 2007 judgment entered by the Los Angeles Superior Court:

Case No. CV 11-01018-R (CW)

On February 2, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §§ 2254.  See Eric Darnell Cook v. James Walker, Case No. CV 11-01018-R (CW); Docket Entry No. 1.  On July 28, 2011, the District court issued an Order and Judgment denying that habeas petition with prejudice, in accordance with the findings and recommendations of the Magistrate Judge and denied a certificate of appealability.  (Id.; Docket Entry Nos. 22-24).  On November 8, 2012, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.  (Id.; Docket Entry No. 30).  On March 15, 2013, the Ninth Circuit denied Petitioner's motion for reconsideration of the denial of Petitioner's request for a certificate of appealability.  (Id.; Docket Entry No. 46). On March 24, 2014, the district court denied Petitioner's motions for relief from Judgment.  (Id.; Docket Entry No. 59).  On April 11, 2014, the district court denied Petitioner's motion for reconsideration of the Order denying Petitioner's motions for

3

relief from Judgment. (Id.; Docket Entry No. 59).

Case No. CV 12-10183-R (SH)

On November 29, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Eric Darnell Cook v. Anthony Hedgpeth, Case No. CV 12-10183-R (SH); Docket Entry No. 1. On December 20, 2012, the district court issued an Order and Judgment denying that habeas petition without prejudice as an unauthorized successive petition, in accordance with the findings and recommendation of the Magistrate Judge and denied a certificate of appealability. (Id.; Docket Entry Nos. 9-11). On March 1, 2013, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 19). On July 30, 2014, the district court denied Petitioner's motion for reconsideration of the Order denying a certificate of appealability. (Id.; Docket Entry No. 22). On October 2, 2014, the district court denied a certificate of appealability. (Id.; Docket Entry No. 26). On November 25, 2014, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 28).

Case No. CV 13-2953-R (SH)

On April 26, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Eric Darnell Cook v. Anthony Hedgepeth, Case No. CV

4

13-2953-R (SH); Docket Entry No. 1.  On May 1, 2013, the district court issued a Memorandum and Order denying that habeas petition without prejudice as an unauthorized, successive petition.  (Id.; Docket Entry No. 4).

Case No. CV 13-4196-R (SH)

On June 11, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  See Eric Darnell Cook v. Anthony Hedgepeth, Case No. CV 13-4196-R (SH); Docket Entry Nos. 1-2.  On June 19, 2013, the district court issued a Memorandum and Order denying that habeas petition without prejudice as an unauthorized, successive petition.  (Id.; Docket Entry No. 4).

Case No. CV 13-09244-R (SH)

On December 17, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  See Eric Darnell Cook v. Randy Grounds, Case No. CV 13-09244-R (SH); Docket Entry Nos. 1, 3.  On January 9, 2014, the district court issued a Memorandum and Order denying that habeas petition without prejudice as an unauthorized, successive petition.  (Id.; Docket Entry No. 5).  On February 27, 2014, the district court denied Petitioner's motion for reconsideration.  (Id.; Docket Entry No. 12).  On April 23, 2014, the district court denied a certificate of appealability.  (Id.; Docket Entry No.

17).   On May 8, 2014, the district court denied Petitioner's second motion for reconsideration. (<u>Id.</u>; Docket Entry No. 19). On September 29, 2014, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (<u>Id.</u>; Docket Entry Nos. 25-26).

Case No. CV 14-00573-R (SH)

On January 24, 2014, Petitioner filed what was construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  <u>See</u> <u>Eric Darnell Cook v. United States of America</u>, Case No. CV 14-00573-R (SH); Docket Entry No. 1.  On January 30, 2014, the district court issued a Memorandum and Order denying that habeas petition without prejudice as an unauthorized, successive petition. (<u>Id.</u>; Docket Entry No. 3).

Case No. CV 14-04365-R (SH)

On June 6, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  <u>See</u> <u>Eric Darnell Cook v. Randy Grounds</u>, Case No. CV 14-04365-R (SH); Docket Entry No. 1.  On June 17, 2014, the district court issued a Memorandum and Order denying that habeas petition without prejudice as an unauthorized, successive petition and denied a certificate of appealability. (<u>Id.</u>, Docket Entry Nos. 4-5).  On July 8, 2014, the district court denied Petitioner's motion for reconsideration of the Order denying the certificate

6

1  of appealability.  (Id.; Docket Entry No. 8).

2

3      Case No. CV 14-07328-R (SH)

4

5      On September 19, 2014, Petitioner filed a Petition for Writ

6  of Habeas Corpus by a Person in State Custody pursuant to 28

7  U.S.C. § 2254. See Eric Darnell Cook v. Randy Grounds, Case No.

8  CV 14-07328-R (SH); Docket Entry No. 1.  On September 24, 2014,

9  the district court issued a Memorandum and Order denying that

10  habeas petition without prejudice as an unauthorized, successive

11  petition and denied a certificate of appealability.  (Id.; Docket

12  Entry No. 4-5).  On October 9, 2014, the district court denied

13  Petitioner's motion for reconsideration, and denied a certificate

14  of appealability.  (Id.; Docket Entry No. 7).  On November 25,

15  2014, the Ninth Circuit denied Petitioner's request for a

16  certificate of appealability. (Id.; Docket Entry No. 10).

17

18  **B.    Prior Habeas Petition Challenging 1996 Conviction**

19

20      On October 30, 2015, Petitioner filed a Petition for Writ of

21  Habeas Corpus by a Person in State Custody challenging his

22  conviction and sentence imposed by the Santa Clara County Superior

23  Court.   See Eric Darnell Cook v. William Muniz, Case No. CV 15-

24  08515-R (AS); Docket Entry No. 1).  That action was transferred

25  to the United States District Court for the Northern District of

26  California.  Id.; Docket Entry No. 6.  On December 8, 2015, the

27  United States District Court for the Northern District of

28

7

California denied that habeas petition as an unauthorized, successive petition.  See Eric Darnell Cook v. William Muniz, Case No. CV 15-5453 LB; Docket Nos. 9-10; see also Petition, Attachments ["Order of Dismissal", 4 pages; Judgment, 1 page]. On April 14, 2016, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2254 in the district court.  (See Petition, Attachment [Ninth Circuit's Order, 2 pages]).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

8

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas

application in the district court. § 2244(b)(3)(A)." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996).

The instant Petition, filed on May 16, 2016, as well as the prior habeas actions which also challenge Petitioner's custody pursuant to the same 2007 judgment entered by the Los Angeles County Superior Court, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. <u>See</u> 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); <u>see</u> <u>also</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review

mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  May 23, 2016

_____
    MANUEL L. REAL
UNITED STATES DISTRICT JUDGE